**EXHIBIT A**

## HILL COUNTY, TEXAS GREEN ENERGY AND DATA CENTER MORATORIUM

TEMPORARY MORATORIUM ON CERTAIN LARGE-SCALE INDUSTRIAL ENERGY STORAGE, POWER GENERATION, AND DATA PROCESSING CONSTRUCTION ACTIVITIES WITHIN THE UNINCORPORATED AREAS OF HILL COUNTY

AN ORDER OF THE COMMISSIONERS COURT OF HILL COUNTY, TEXAS, DECLARING A TEMPORARY MORATORIUM ON THE COMMENCEMENT OF CERTAIN LARGE-SCALE INDUSTRIAL CONSTRUCTION ACTIVITIES RELATED TO BATTERY ENERGY STORAGE SYSTEMS, DATA PROCESSING FACILITIES, LARGE-SCALE POWER GENERATION FACILITIES, AND RELATED SUPPORT INFRASTRUCTURE WITHIN THE UNINCORPORATED AREAS OF HILL COUNTY; MAKING WRITTEN FINDINGS OF NECESSITY PURSUANT TO TEXAS HEALTH AND SAFETY CODE §121.003; PROVIDING FOR PUBLIC HEARING; PROVIDING FOR WAIVER; PROVIDING FOR SEVERABILITY; AND ESTABLISHING AN EFFECTIVE DATE.

WHEREAS, the Commissioners Court of Hill County possesses statutory responsibilities relating to county roads, bridges, drainage infrastructure, floodplain administration, emergency management coordination, public infrastructure protection, and the protection of public health and safety within the unincorporated areas of the County; and

WHEREAS, the Commissioners Court finds that certain large-scale industrial developments may substantially impact county infrastructure, emergency response capability, groundwater resources, traffic safety, and public welfare before the County can adequately evaluate and prepare mitigation standards; and

WHEREAS, the County has experienced and received reports of roadway deterioration, drainage impacts, increased heavy truck traffic, and emergency response concerns associated with industrial-scale development activities occurring within Hill County; and

WHEREAS, Hill County's rural emergency response system, including volunteer fire departments and emergency medical services, presently maintains limited staffing, specialized suppression equipment, hazardous materials capability, and water supply infrastructure necessary to respond to lithium-ion battery incidents, industrial fires, or large-scale infrastructure emergencies; and

WHEREAS, the Commissioners Court finds that once substantial construction activities commence, impacts to county roads, bridges, culverts, drainage systems, emergency response capability, and groundwater resources may become immediate and irreversible before the County can complete necessary engineering studies and public safety evaluations; and

WHEREAS, the Commissioners Court further finds that evolving State and Federal directives regarding critical infrastructure protection, cybersecurity safeguards, and prohibited technologies necessitate additional review to ensure local compliance with applicable law; and

WHEREAS, Texas Health and Safety Code §121.003 authorizes the Commissioners Court to enforce measures reasonably necessary to protect public health; and

WHEREAS, the Commissioners Court finds that a temporary and narrowly tailored moratorium is necessary to allow Hill County sufficient time to evaluate impacts to county infrastructure and public safety systems and to develop uniform mitigation standards relating to roadway protection, emergency response coordination, drainage, and public infrastructure protection;

NOW, THEREFORE, BE IT ORDERED BY THE COMMISSIONERS COURT OF HILL COUNTY, TEXAS:

SECTION 1. APPLICABILITY

This temporary moratorium shall apply only to the commencement of new construction activities associated with:

1. Battery Energy Storage Systems exceeding five (5) megawatts capacity;
2. Data processing or data center facilities exceeding one thousand (1,000) square feet;
3. Large-scale power generation facilities exceeding five (5) megawatts capacity; and
4. Associated substations, cooling systems, transmission infrastructure, and industrial support facilities directly related thereto;

located within the unincorporated areas of Hill County.

This moratorium shall not apply to:

a. Projects currently under active construction as of the effective date of this Order;

b. Routine maintenance or repair activities;

c. Agricultural operations; or

d. Projects located within incorporated municipalities.

SECTION 2. PURPOSE OF MORATORIUM

During the moratorium period, Hill County shall:

1. Conduct roadway engineering and traffic impact evaluations relating to heavy industrial construction traffic;
2. Evaluate emergency response capability, including fire suppression, hazardous materials response, and water availability;
3. Develop standardized roadway use and infrastructure mitigation requirements;
4. Evaluate drainage, culvert, and floodplain impacts associated with industrial-scale development;
5. Coordinate with State agencies regarding critical infrastructure protection and applicable cybersecurity guidance;

6. Evaluate public safety impacts associated with battery storage systems, large-scale power infrastructure, and data processing facilities; and
7. Develop uniform public infrastructure protection and mitigation standards applicable to covered projects.

## SECTION 3. TEMPORARY NATURE

This moratorium is temporary in nature and shall automatically expire upon the earlier of:

1. Twelve (12) months from the effective date of this Order; or
2. Adoption by the Commissioners Court of infrastructure protection and public safety standards applicable to covered projects.

## SECTION 4. WAIVER PROCESS

The Commissioners Court may grant a waiver from this moratorium upon a finding that:

1. The proposed project will not materially impair county infrastructure, emergency response capability, or public safety;
2. Adequate roadway use protections and mitigation measures are in place;
3. The applicant demonstrates compliance with applicable State and Federal requirements; and
4. The public health, safety, and welfare will not be adversely affected.

## SECTION 5. SEVERABILITY

If any provision of this Order is held invalid or unconstitutional, such holding shall not affect the remaining provisions, which shall remain in full force and effect.

ORDERED AND EXECUTED, This the 12th day of May, 2026 by order of the Hill County Commissioners Court.

_____
Shane Brassell, County Judge

_____
Jim Holcomb, Commissioner Precinct 1

_____
Larry Crumpton, Commissioner Precinct 2

_____
Scotty Hawkins, Commissioner Precinct 3

_____
Martin Lake, Commissioner Precinct 4